798 F.2d 1409
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Samuel SHIPKOVITZ, Appellant,
v.
Bradford R. HUTHER, John F. Terapane, J. Howard Bryant,
James C. Cooper, Gerald Mossinghoff, Donald J. Quigg, U.S.
Department of Commerce, Malcomb Baldridge, Sherman Funk,
Chemical Abstracts Services, Inc., Planning Research
Corporation, Edwin Meese, III, U.S. Atty., Appellees.
 No.. 86-1063.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 25, 1986.
Decided Aug. 12, 1986.
 
 Samuel Shipkovitz, appellant pro se.
 Thomas F. Farrell, II and Gregory P. Schermer, for appellees.
 E.D.Va.
 AFFIRMED.
 Before MURNAGHAN, ERVIN and CHAPMAN, C.J.
 PER CURIAM:
 
 
 1
 Appellant, Samuel Shipkovitz, filed in the district court a lengthy complaint, which he amended twice, and a host of discovery-related documents alleging violations by the defendants of an assortment of federal statutes and regulations. Shipkovitz is seeking substantial monetary damages and other relief. The district court, after repeated attempts to persuade Shipkovitz to conform his pleadings to the requirements of the Federal Rules of Civil Procedure, ultimately dismissed his complaint for failure to meet the requirements of Fed.R.Civ.P. 8(a). The dismissal was without prejudice.
 
 
 2
 Although Shipkovitz has proceeded pro se, he stated repeatedly that he has a juris doctor degree. It is also note worthy that Shipkovitz has litigated substantially identical claims in the united States District Court for the District of Columbia. we quote with approval the recent statement by the District of Columbia Circuit regarding a pro se litigant who is also an attorney:
 
 
 3
 While ... a pro se litigant must of course be given fair and equal treatment, he cannot generally be permitted to shift the burden of litigating his case to the courts, nor to avoid the risks of failure that attend his decision to forgo expert assistance.
 
 
 4
 Dozier v. Ford Motor Co., 702 F.2d 1189, 1194 (D.C.Cir.1983).
 
 
 5
 Because it would not aid in the decisional process, we dispense with oral argument and affirm the judgment of the district court.
 
 
 6
 AFFIRMED.